Waties, J.,
delivered the resolution of the whole court, except Trezuvant, J., sick. Although, by the practice of the English courts, it appears, that accepting a plea from the defendant, or requiring him to plead, before bail above has been put in,'is construed to be such an act as amounts to an implied relinquishment of special bail, which will discharge the bail to the sheriff, yet that practice has never obtained in this State; and the defendant must be called on to put in bail above, or it will not be necessary for him to do so. And this is more reasonable than the practice- which has obtained in England ; because a man may not be able to find bail, and shall he, for this cause, be deprived of the beuefit of any de-fence which he may have ? Nor can any serious inconvenience, or disadvantage, be experienced, by plaintiffs from the establishment oí *219 this rule of practice, which the court undoubtedly have a right to establish, though it may vary from the rules of practice established in England ; for the rules of court aie in the power of the court, who may mould them to answer the ends of justice and convenience. As to the objection to the want of an assignment of the bail boud, there is no ground fur it. The act of assembly, which authorises a sci. fa. to issue against the bail to the sheriff, does not require the bail bond to be assigned, as the statute of Ann does, where an action of debt is to be brought on the bond. But the sci. fa. is founded on the judgment obtained in the original action against the principal, and upon the bail bond ; and both must be set forth in order to show the liability of the bail to respond the judgment against tljeir principal, according to the uct.
Motion rejected.